CORNELIUS HAMBLIN & others *vs.* COUNTY COMMISSIONERS OF BARNSTABLE & another.

The regularity of the proceedings of county commissioners upon a petition for a jury to assess damages occasioned by the laying out of a town way, of the acts of the sheriff in summoning and impanelling the jury, of the hearing before them, the return of their verdict to the court of common pleas, and its acceptance and affirmance by that court, cannot after such acceptance and affirmance, without exception taken at the time, be disputed and contested by persons who have entered into a recognizance to pay all costs which might arise in such proceedings.

Under the Rev. Sts. c. 24, § 38, parties who have entered into a recognizance to pay the costs of proceedings upon a petition to county commissioners for a jury to assess damages occasioned by the laying out of a town way, if the verdict shall be adverse to the petitioner, are liable for costs if the amount of damages allowed to the petitioner by the selectmen of the town is not increased by the verdict of the jury.

A notice, ordered by the county commissioners to parties who have entered into a recognizance for the costs of the proceedings upon an application for a jury to assess damages sustained by the laying out of a town way, to show cause why a warrant of distress should not issue, and served by copy as directed, is sufficient, although the copies served are not attested by any officer.

BILL IN EQUITY for an injunction against the county commissioners of Barnstable County and their clerk, alleging that the plaintiff Hamblin, in October 1857, applied to the county commissioners for a jury to assess the damages occasioned by the laying out of a town way over his land by the selectmen of the town of Wellfleet, and entered into a recognizance with the other plaintiffs as sureties before the chairman of the county commissioners, conditioned to pay all costs and expenses which should arise by reason of his application and the proceedings thereon, if the verdict of the jury should "be adverse to" him; that the county commissioners thereupon issued a warrant for a jury, and the jury returned a verdict in his favor for a less sum than that awarded by the selectmen, which was returned

into the court of common pleas at April term 1858, accepted and affirmed by that court, and certified to the county commissioners; that the commissioners thereupon issued their warrant to the county treasurer for the collection of the amount taxed as costs of the proceedings upon the petition, and the plaintiffs upon demand refused to pay it; that the commissioners, at a meeting on the 12th of April 1859, ordered notice to issue, to be served on the plaintiffs by copy, and by publication three times in the Yarmouth Register, to appear at an adjourned meeting on the 6th of July 1859, and show cause why a warrant of distress should not issue for the amount of such costs; that on the 6th of July the plaintiffs, appearing specially before the commissioners, objected to the sufficiency of the notice, because the only service thereof upon them was by enclosing to them a printed paper purporting to be a copy of it, but apparently cut out of a newspaper, and not signed or attested personally by any officer or authorized person; and, that objection being overruled, alleged, as causes why a warrant of distress should not issue, irregularities and informalities in the issuing by the commissioners of the warrant for a jury, in the summoning and empanelling of the jury by the sheriff, in the hearing of the case before the jury, and in the return of the verdict to, and its acceptance by, the court of common pleas, and also that they were not liable for costs under their recognizance, because the verdict was for the petitioner; all of which causes the county commissioners adjudged insufficient, and ordered the warrant of distress to issue for the costs of the proceedings on the application for a jury, and for the further costs of the notice to show cause.

The defendants filed a general demurrer, which was sustained by *Dewey*, J., and the bill dismissed. The plaintiffs appealed to the full court.

*J. M. Day*, for the defendants.

*S. D. Parker*, for the plaintiffs. 1. The bill states a case for the interposition of this court in equity. *St.* 1859, *c.* 196, § 50. Eden on Injunctions, 14, 69, & note. A writ of *certiorari* could be had only upon petition and notice, and would then be too

late; and would be an inadequate remedy at any time. *Adams,
Petitioners*, 10 Pick. 273. *Commonwealth* v. *Downing*, 6 Mass.
72. *Hill* v. *Sayles*, 12 Cush. 454.

2. The petitioner for a jury having obtained a verdict in his
favor, he was the prevailing party, and the penalty of the recog-
nizance was not forfeited.

3. The warrant of distress was issued without due notice to
the petitioner.

BIGELOW, C. J.    This is a novel attempt to control and
restrain the proceedings of an inferior tribunal, exercising *quasi*
judicial powers, by means of a bill in equity.    Under our prac-
tice, the more appropriate and efficient remedy in such cases
would seem to be by *certiorari*, especially as this court now has
power under Gen. Sts. *c.* 145, §§ 9, 12, not only to issue an in-
junction pending an application for a *certiorari*, but also to
enter such judgment as the court below should have rendered,
or to make such order or decree in the premises as law and
justice require.    But it is unnecessary to determine whether
the plaintiff has adopted a suitable mode of reaching and cor-
recting an error in the doings of the commissioners, because it
is clear that he states no case in his bill, which entitles him to
redress in any form of proceeding.

1. As to all matters alleged in the bill which relate to the
proceedings before the commissioners on the application for a
jury, and to the action of the sheriff in summoning and impan-
elling them, and in the hearing of the case before them, and
upon the return and acceptance of their verdict by the court of
common pleas, the plaintiff Hamblin has had full opportunity
to be heard before the court of common pleas in the mode pro-
vided by law, and by taking exceptions to have the case deter-
mined by this court.    Having omitted to take his objections
seasonably, neither he nor his sureties on the recognizance for
costs can now reopen the case and have a rehearing upon them
in this proceeding or in any other.

2. The objections urged to the proceedings of the commis-
sioners, in requiring the plaintiffs to pay on their recognizance
the costs incurred by reason of the application for a jury, and

the further objection to the authority of the commissioners to issue a warrant of distress, are clearly untenable. The jury by their verdict did not increase, but diminished the damages awarded by the commissioners to the plaintiff Hamblin, occasioned by the laying out of a town way through his land. He and his sureties on the recognizance were therefore liable to pay the costs and expenses of the trial before the jury, under Rev. Sts. c. 24, § 38. In the sense and within the meaning of the statute, he was the losing party, and consequently, according to the conditions of the recognizance, the verdict was "adverse to the petitioner." Under such circumstances, if the costs incurred by reason of the application for a jury were not paid by the persons who entered into the recognizance, the commissioners, after giving due notice, are authorized by Rev. Sts. c. 24, § 43, to issue a warrant of distress against them therefore, with further costs of the notice and warrant.

3. No precise form of notice to the principal and sureties in the recognizance is required. All that is required is that the notice should be reasonable. In the present case the plaintiffs had full and ample notice, and all the proceedings were regular and according to law. The plaintiffs therefore show no equity.

*Bill dismissed.*